1  **FENNEMORE CRAIG, P.C.**
   DAVID W. DACHELET (NO. 6615)
2  LINDSAY A. HANSEN (NO. 11985)
   300 S. 4th Street, 14th Floor
3  Las Vegas, Nevada  89101
   Telephone:  (702) 692-8000
4  Facsimile:   (702) 692-8099
   Email: ddachelet@fclaw.com
5  Email: lhansen@fclaw.com

6  *Attorneys for Defendant*
   *Green Tree Servicing LLC*
7

8                    **UNITED STATES DISTRICT COURT**

9                              **DISTRICT OF NEVADA**

| | |
|---|---|
| 10  JENNIFER T. FLORIO, | Case No.:   2:11-CV-01991-KJD-RJJ |
| 11              Plaintiff, | |
| 12  *vs.* | |
| 13  VISTA PACIFIC HOLDINGS (Investor); fka HLS ABC-100, LLC., (Investor); BSI FINANCIAL SERVICES, INC.; fka SERVIS ONE, INC. (Owner); ARCH BAY HOLDINGS LLC., (Investor); QUANTUM SERVICING CORPORATION fka QUANTUM FINANCING; GREEN TREE SERVICING LLC fka GREEN TREE FINANCIAL CORPORATION; ASSET ACCEPTANCE CAPITAL CORP. (Investor); OCWEN LOAN SERVICING LLC. fka OCWEN SERVICING COMPANY; MORTGAGEIT, INC.,; SEASIDE TRUSTEE, INC.; MORTGAGEIT, INC., DOES 1 THROUGH 100, INCLUSIVE,            Defendants. | **DEFENDANT GREEN TREE SERVICING LLC'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS** |

23      Defendant GREEN TREE SERVICING LLC ("Green Tree"), by and through its
24  undersigned counsel, moves this Court for an Order that discovery and the requirements
25  of LR 26-1 and Fed. R. Civ. P. 26(f) be stayed pending resolution of its Motion to Dismiss
26  (Doc. # 43).
27      Green Tree bases this Motion on the papers and pleadings already on file in this
28  case, the Memorandum of Points and Authorities that follows, and any oral argument this

FENNEMORE CRAIG, P.C.
LAS VEGAS

6854328.1

- 1 -

Court chooses to entertain, all of which demonstrate the submittal of a stipulated discovery plan and scheduling order will be fruitless and/or wasteful until the Court rules on Green Tree's Motion to Dismiss.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Green Tree should not be required to conduct discovery on claims that are subject to its pending Motion to Dismiss because the motion likely will cause the dismissal of numerous, if not all, of Plaintiff's sixteen spurious claims against Green Tree. The requirement to meet and confer and, thereafter, actually conduct written discovery and depositions on these spurious claims would waste both the parties' and this Court's resources. Instead, this Court should stay the requirements of LR 26-1 and Fed. R. Civ. P. 26(f), so that, if necessary, discovery only will be conducted on those claims that remain after this Court decides Green Tree's pending Motion to Dismiss.

### II.

### RELEVANT FACTS

In June of 2009 – nearly three years ago – Plaintiff admittedly stopped making payments on her mortgage loan. As a result, Plaintiff's loan spiraled into default, and non-judicial foreclosure proceedings were initiated by the owner of Plaintiff's loan. On December 13, 2011, Plaintiff filed her Complaint alleging a laundry list of sixteen claims against Green Tree and a myriad of others involved in Plaintiff's mortgage loan. *See* Compl. (Doc. #1). As a result, Green Tree – who is <u>not</u> the lender, beneficiary, trustee, current holder of the promissory note and deed of trust, foreclosing party, or evicting party – was forced to file the Motion to Dismiss that currently is pending before this Court. *See* Motion to Dismiss (Doc. #43). Green Tree's Motion to Dismiss seeks dismissal of Plaintiff's entire Complaint. *Id.*

Given the pending Motion to Dismiss and the likelihood it will be granted, Green Tree submits that discovery, at this point, would be a waste of the parties' and this Court's

resources. Accordingly, Green Tree respectfully requests that discovery be stayed until the Court issues a ruling on Green Tree's Motion to Dismiss.

### III.

### LEGAL ARGUMENT

**A.   *COURTS HAVE BROAD DISCRETION TO STAY DISCOVERY WHEN THE PENDING MOTION TO DISMISS IS DISPOSITIVE OF ALL CLAIMS AND CAN BE DECIDED WITHOUT THE NEED FOR ANY DISCOVERY.***

Judges have a great deal of discretion in staying proceedings while dispositive motions are pending. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Stay of discovery is appropriate when (1) a pending motion is potentially dispositive of the entire case; and (2) where the dispositive motion can be decided without additional discovery. *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co.*, 220 F.R.D. 349, 351-52 (N.D. Cal. 2003) (citing *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985); *Church of Scientology v. IRS*, 991 F.2d 560, 563 (9th Cir. 1993)). Indeed, a stay of discovery pending resolution of a motion to dismiss is appropriate if it appears the opposing party has no chance of prevailing on the motion to dismiss. *See Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (the court may stay discovery when convinced plaintiff cannot state a claim for relief); *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (same).

**B.   *DISCOVERY SHOULD BE STAYED IN THIS CASE.***

Here, both the facts and the law support the entry of an order to stay discovery. First, Green Tree's pending Motion to Dismiss is a dispositive motion directed to each of the sixteen spurious claims asserted in Plaintiff's Complaint. If the Motion is granted, it would render any discovery moot. Second, because Green Tree's Motion to Dismiss is based on Fed. R. Civ. P. 12(b)(6), it can certainly be decided without any discovery being conducted at all.

As such, both prongs outlined in *Pacific Lumber* are met, and this Court may properly, and should, stay discovery pending the outcome of Green Tree's Motion to Dismiss. Accordingly, the discovery requirements of LR 26-1 and Fed. R. Civ. P. 26(f)

6854328.1

should be stayed. Green Tree should not be required to expend valuable time and resources, not to mention incurring attorneys' fees, all to conduct discovery on claims that will likely be dismissed. Further, a stay of discovery would not prejudice either party, and would conserve both the parties' and the Court's resources.

## IV.

## CONCLUSION

Given that Plaintiff's Complaint fails to state a single claim upon which relief can be granted, it will be detrimental and burdensome for Green Tree to be required to conduct discovery and meet ongoing discovery deadlines before the parties know which of Plaintiff's claims, if any, that this Court deems viable. Should Plaintiff's claims be dismissed, then discovery will be totally unnecessary. Neither Green Tree nor Plaintiff should be required to expend the substantial time, effort and money necessary to conduct expensive discovery until the pleadings have been closed and the parties are actually aware of what claims, if any, and defenses are being asserted. Given that a stay of discovery would not prejudice either party, and would conserve the parties' and the Court's resources, Green Tree respectfully requests that this Court exercise its discretion and enter an order to stay all discovery in this matter until the Court issues its ruling on Green Tree's Motion to Dismiss.

DATED this 19th day of March, 2012.

**FENNEMORE CRAIG, P.C.**

By: /s/ *Lindsay A. Hansen*
David W. Dachelet (No. 6615)
Lindsay A. Hansen (No. 11985)
300 S. Fourth Street, Suite 1400
Las Vegas, Nevada 89101
Telephone: (702) 692-8000
Facsimile: (702) 692-8099

*Attorneys for Defendant Green Tree Servicing LLC*

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE
DATE: MARCH, 26, 2012

6854328.1

FENNEMORE CRAIG, P.C.
LAS VEGAS

- 4 -